T.C. Memo. 1999-226

UNITED STATES TAX COURT

VASHON C. AND BEVERLY C. JACKSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20815-97.                    Filed July 9, 1999.

Vashon C. Jackson, pro se.

William Henck, for respondent.

MEMORANDUM OPINION

DINAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

[1]     Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
                                        (continued...)

Respondent determined deficiencies in petitioners' Federal income taxes for 1990, 1991, and 1992 in the amounts of $6,959, $7,039, and $8,013, respectively, and accuracy-related penalties pursuant to section 6662(a) in the amounts of $303, $239, and $232, respectively.

The issues for decision are: (1) The amount of rents received by petitioners during the taxable years in issue; (2) whether petitioners are entitled to any deductions with respect to the rented property; (3) whether petitioners are entitled to any deductions for unreimbursed employee business expenses; (4) whether petitioners are entitled to charitable contribution deductions in excess of the amounts allowed by respondent; and (5) whether petitioners are liable for the section 6662(a) accuracy-related penalties.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Chesapeake, Virginia, on the date the petition was filed in this case.

Petitioner husband worked as an auditor for the Army Corps of Engineers during the taxable years in issue. Petitioner wife worked as a schoolteacher during the taxable years in issue. Petitioners reside at 2105 Hollins Court in Chesapeake, Virginia.

---

[1](...continued)
issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners purchased the residence of petitioner wife's parents, Mr. and Mrs. Charity, and her maternal grandmother (the Charitys) in 1987. This residence is located at 2117 Hollins Court. The Charitys continued to use 2117 Hollins Court as their residence after the sale and paid petitioners rent for such use.

The first issue for decision is the amount of rents received by petitioners during the taxable years in issue.

On Schedules E attached to their 1990, 1991, and 1992 returns, petitioners reported "rents received" from 2117 Hollins Court in the amount of $7,200 per year. This amount is equal to the fair rental value appraisal of 2117 Hollins Court obtained by petitioner in 1988 from Eagle Realty, a local real estate agency. In the statutory notice of deficiency, respondent determined that petitioners received rents from 2117 Hollins Court during 1990, 1991, and 1992 in the amounts of $8,400, $8,400, and $11,700, respectively.

Section 61(a) includes in gross income all income from whatever source derived including, but not limited to, rents. See sec. 61(a)(5).

Petitioner husband testified that the Charitys paid $500 per month as rent during the taxable years in issue. He further testified that petitioners reported their "rents received" on their tax returns as $7,200 per year ($600 per month), on the advice of one of respondent's revenue agents, in order to satisfy

the "fair rental requirement" of section 280A. Respondent's counsel stated at trial that the "rents received" determined in the statutory notice of deficiency were based on bank records and statements from the Charitys. The record does not include any such evidence, and respondent's counsel's statement alone does not have any probative value.

Based on petitioner husband's testimony and the lack of any evidence which supports respondent's determinations of the "rents received", we find that the Charitys paid $500 per month during the taxable years in issue for their use of 2117 Hollins Court. We hold that petitioners received rents in the amount of $6,000 during 1990, 1991, and 1992.

The second issue for decision is whether petitioners are entitled to any deductions with respect to 2117 Hollins Court.

Petitioners claimed rental expenses for 1990, 1991, and 1992 in the amounts of $25,453, $23,586, and $23,859, respectively. In the statutory notice of deficiency, respondent limited the deductible amounts of petitioners' substantiated expenses to the rents which he determined they had received on the ground that "the rental arrangement with [their] relatives was not at fair market value." Respondent also determined that petitioners only substantiated $11,735, $14,717, and $12,247, respectively, of the expenses claimed on their 1990, 1991, and 1992 returns.

Section 212(2) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income.  Section 262(a) provides that no deduction shall be allowed for personal, living, or family expenses.

Section 280A(a) generally provides that no deduction shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. Congress enacted section 280A in the Tax Reform Act of 1976, Pub. L. 94-455, sec. 601, 90 Stat. 1520, 1569, as its response to the concern that the rental of property used as a residence "afforded the taxpayer unwarranted opportunities to obtain deductions for expenses of a personal nature."  Bolton v. Commissioner, 77 T.C. 104, 108 (1981), affd. 694 F.2d 556 (9th Cir. 1982).  For purposes of section 280A(a), a taxpayer uses a dwelling unit as a residence during the taxable year if he uses it for personal purposes for a number of days which exceeds the greater of 14 days or 10 percent of the number of days during such year that it is rented at a fair rental.  See sec. 280A(d)(1).  As pertinent in this case, a taxpayer is deemed to have used a dwelling unit for personal purposes on any day that it is used for personal purposes by any member of the taxpayer's family, unless the family member rents the dwelling unit at a fair rental for use as

his principal residence.  See sec. 280A(d)(2)(A) and (3)(A); Kotowicz v. Commissioner, T.C. Memo. 1991-563.

Since the Charitys paid only $500 per month for their use of 2117 Hollins Court as their principal residence and its fair rental value was at least $600 per month (based on Eagle Realty's 1988 estimate), their personal use of 2117 Hollins Court is treated as petitioners' personal use for every day of the taxable years in issue.  Thus, under section 280A(d)(1), 2117 Hollins Court was used by petitioners as a residence during the taxable years in issue.  See Dinsmore v. Commissioner, T.C. Memo. 1994-134, affd. in part and remanded in part without published opinion 78 F.3d 592 (9th Cir. 1996).  Accordingly, section 280A(a) is generally applicable to the amounts in issue.

Section 280A(a) does not, however, apply to any item which is attributable to the rental of the dwelling unit, as determined under section 280A(e).  See sec. 280A(c)(3).  Section 280A(e)(1) provides that, where an individual uses a dwelling unit for personal purposes for any day during the taxable year, the amount deductible with respect to the expenses attributable to the rental of the dwelling unit for the taxable year shall not exceed an amount which bears the same relationship to such expenses as the number of days during each year that the unit is rented at a fair rental bears to the total number of days during such year that such unit is used.

Pursuant to section 280A(d)(2)(A), petitioners are deemed to have used 2117 Hollins Court for personal purposes during the taxable years in issue. Since 2117 Hollins Court was not rented at a fair rental for any day of the taxable years in issue, none of the claimed deductions are allowable under section 280A(c)(3) and (e)(1) by reason of being attributable to its rental.[2] See Colbert v. Commissioner, T.C. Memo. 1992-30; Gilchrist v. Commissioner, T.C. Memo. 1983-288. The only expenses which are deductible by petitioners with respect to 2117 Hollins Court are those expenses which are deductible without regard to whether it was rented. See sec. 280A(b) and (e)(2).

Based on the record, we find that petitioners paid the following amounts[3] with respect to 2117 Hollins Court:

| Year | Interest | Taxes |
|------|----------|-------|
| 1990 | $4,522 | $1,140 |
| 1991 | 6,881 | 1,180 |
| 1992 | 4,659 | 1,195 |

---

[2] It appears that respondent erroneously determined that all of the substantiated expenses were deductible under sec. 280A(c)(3) and (e)(1) and relied only on the sec. 280A(c)(5) gross income limitation. We do not reach sec. 280A(c)(5) where, as in this case, none of the disputed amounts in the first instance meet the sec. 280A(c)(3) and (e)(1) conditions for deductibility. See sec. 280A(c)(5); Bolton v. Commissioner, supra at 109.

[3] These amounts consist of the interest and taxes determined by respondent in the statutory notice of deficiency to have been substantiated. We find that petitioners have failed to substantiate the "other interest" claimed by them and disallowed by respondent which they claim was paid on a promissory note secured by a second deed of trust on 2117 Hollins Court.

We hold that petitioners are entitled to additional Schedule A itemized deductions for the foregoing amounts of interest and taxes paid on 2117 Hollins Court under section 163(h)(3) and section 164(a), respectively.  See infra note 5.

The third issue for decision is whether petitioners are entitled to deductions for unreimbursed employee business expenses.

On Schedules A and Forms 2106 attached to their 1990, 1991, and 1992 returns, petitioners claimed unreimbursed employee business expenses, before the section 67(a) limitations, as follows:

|  | 1990 | 1991 | 1992 |
|---|---|---|---|
| Vashon C. Jackson | $4,222 | $4,889 | $5,182 |
| Beverly C. Jackson | 1,950 | 2,795 | 4,680 |
|  | 6,172 | 7,684 | 9,862 |

In the statutory notice of deficiency, respondent disallowed any deductions for the claimed expenses.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including the trade or business of being an employee.  Commissioner v. Flowers, 326 U.S. 465 (1946).  If an employee's ordinary and necessary business expenses exceed the amounts received from his employer as advances or reimbursements, the employee is entitled to a deduction for such excess, if adequately substantiated.  See sec.

1.162-17(b)(3), Income Tax Regs.; sec. 1.274-5T(f)(2)(iii), (5)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46028 (Nov. 6, 1985).

Section 274(d) provides that no deduction is allowable under section 162 for any traveling expenses, including meals and lodging while away from home, or with respect to any listed property, defined in section 280F(d)(4) to include passenger automobiles, unless the taxpayer complies with strict substantiation rules. See sec. 274(d)(1), (4). In particular, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient evidence corroborating his own statement. See sec. 274(d); sec. 1.274-5T(b)(2), (6), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985).

Petitioners admit that some of their employee business expenses were reimbursed by their respective employers. They contend, however, that some of their employee business expenses were not reimbursed and therefore are deductible.

Petitioners argue that petitioner husband was reimbursed for the use of his automobile at mileage rates which were less than the "standard mileage rates" established by respondent for the taxable years in issue.[4] They contend that the differences in

---

[4] The standard mileage rates for an employee's use of his own passenger vehicle for business purposes during 1990, 1991,
(continued...)

the rates are deductible as unreimbursed employee business expenses. Petitioner husband's travel vouchers show that he was generally reimbursed at the rate of 24 cents per mile in 1990 and early 1991 and at the rate of 25 cents per mile in late 1991 and 1992 and, on limited occasions, at 9-1/2 cents per mile. It is not clear from the travel vouchers or petitioner husband's testimony as to why or for which miles he was reimbursed at a lesser rate of 9-1/2 cents per mile.

Based on the travel vouchers and petitioner husband's testimony, we find that petitioners have substantiated the number of miles which they claimed petitioner husband used his automobile in connection with his employment as an auditor. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). After accounting for the differences between the standard mileage rates and the rates at which he was generally reimbursed, we find that petitioners have established that petitioner husband's allowable expenses for the use of his car during 1990, 1991, and 1992 exceeded his advances and reimbursements for such use by $642, $1,388, and $1,248, respectively.

---

[4](...continued)
and 1992 were 26 cents, 27-1/2 cents, and 28 cents, respectively. See Rev. Proc. 89-66, sec. 4.01, 1989-2 C.B. 792, 793; Rev. Proc. 90-59, sec. 4.01, 1990-2 C.B. 644, 645; Rev. Proc. 91-67, sec. 5.01, 1991-2 C.B. 887, 888.

Petitioners also argue that petitioner wife was not reimbursed for certain expenses which she paid in connection with her employment as a schoolteacher. Petitioner wife did not testify at trial. Petitioners submitted some records of her claimed vehicle and travel expenses for 1991 which are not helpful because they do not indicate whether or not the listed expenses were reimbursed. They submitted no records of her expenses for 1990 or 1992. After reviewing the record, we find that petitioner husband's testimony with respect to petitioner wife's claimed expenses and the little written evidence in the record does not satisfy the substantiation requirements of section 274(d).

We hold that petitioner husband's unreimbursed expenses for the use of his automobile in the course of his employment as an auditor are deductible as miscellaneous itemized deductions to the extent the total of such expenses and petitioners' other allowed miscellaneous itemized deductions for the taxable years in issue exceed the section 67(a) limitation for such years.

The fourth issue for decision is whether petitioners are entitled to charitable contribution deductions in excess of the amounts allowed by respondent. Petitioners claimed and respondent disallowed in the statutory notice of deficiency deductions for charitable contributions as follows:

|            | 1990    | 1991    | 1992    |
|------------|---------|---------|---------|
| Claimed    | $6,892  | $5,300  | $5,300  |
| Disallowed | 5,419   | 4,270   | 4,168   |
| Allowed    | 1,473   | 1,030   | 1,132   |

Section 170 allows a taxpayer to deduct a charitable contribution "only if verified under regulations prescribed by the Secretary."  Sec. 170(a)(1).  The regulations provide specific record-keeping requirements.  See sec. 1.170A-13, Income Tax Regs.  The written evidence submitted by petitioners with respect to their claimed charitable contribution deductions establishes only a 1992 cash gift in the amount of $275 and a 1992 donation of six tennis lessons to the Williams School located in Norfolk, Virginia.  Petitioners did not submit any other receipts or canceled checks by which the amounts claimed on their returns may be "verified".

Respondent allowed petitioners charitable contribution deductions in excess of $1,000 for each of the taxable years in issue.  We find that petitioners have failed to substantiate charitable contributions in excess of the allowed amounts. Accordingly, we hold that petitioners are not entitled to charitable contribution deductions in excess of the amounts allowed by respondent.

The fifth issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalties.

Respondent determined that petitioners are liable for the accuracy-related penalty imposed by section 6662(a) for their underpayments of taxes for 1990, 1991, and 1992 that are attributable to their disallowed charitable contribution deductions, and that such underpayments were due to negligence or disregard of rules or regulations.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. See sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. It also includes any failure to keep adequate books and records or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. See sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the section 6662(a) penalty shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion of the underpayment and that the taxpayer acted in good faith with

respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. See id.

Based on the record, we find that petitioners have not proved that their underpayments attributable to the disallowed charitable contribution deductions were due to reasonable cause or that they acted in good faith. We hold that petitioners are liable for the section 6662(a) accuracy-related penalties as determined by respondent.

To reflect the foregoing,

Decision will be entered

under Rule 155.[5]

---

[5] We lack jurisdiction over any increased deficiencies which may result from our holdings on the issues in this case because respondent has not asserted any claim for increased deficiencies. See sec. 6214(a).